Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This was an action of replevin by Collins, a minor, by his guardian, against Carradine, for the recovery of two slaves. Several witnesses proved that Carradine had repeatedly declared that the slaves belonged to Collins. Carradine’s schedule as a bankrupt was also introduced, which did not include these negroes as part of his property. The defendant, in the court below, to rebut this showing on the part of the plaintiff, introduced a deed of gift, made by himself to Collins, who was his half-brother, which was admitted to have been recorded. This deed of gift it seems was the foundation of Collins’s title. The defendant took exceptions to the decision of the court in giving certain charges asked by plaintiff’s counsel, and in refusing charges asked for defendant. A new trial was also moved for *432 and overruled, to which the defendant excepted. We shall confine our remarks to two of the instructions which the court refused to give.
In the first place the defendant’s counsel asked the court to instruct the jury that if the negroes had always been in possession of the donor, and that when he made the deed of gift he thereby reserved the use of the negroes until he should choose to perfect the gift by delivery, then they must find for the defendant. The fourth instruction asked, was that if the jury believed, from the evidence, that the gift of the slaves was not accompanied by delivery of possession to the donee, then the title did not vest in him, and they must find for the defendant. It seems that when the gift was made, and for several years afterwards, Collins lived with Carradine, and that the negroes during that time had remained in Carradine’s possession.
The principle invoked by the charges asked is, that no gift of chattels is valid without delivery, and by refusing to give the charges, especially the last, the court in effect decided that such a gift may be valid without delivery, either actual or constructive. So the jury must have understood the law. As between donor and donee, the gift of a chattel is incomplete without delivery, or ¿some act equivalent to delivery, if at the time the thing be susceptible of transmission. We do not say that actual delivery is necessary; it may be constructive or symbolical. Perhaps the delivery of a deed, or having it recorded, might be regarded as circumstances sufficient to amount to delivery, or to justify the presumption that delivery had been made. We do not now decide what is a sufficient delivery, or what is sufficient evidence that it was made. We only decide that delivery, actual or constructive, is necessary. This was the doctrine held by this court in Thompson v. Thompson, 2 How. 737, and in Marshall v. Fulgham, 4 Ib. 216. And it is in accordance with the current of decisions in other states on this subject. Cook v. Husted, 12 Johns, R. 188; Grangiac v. Arden, 10 Ib. 293. Delivery is a question of fact for the jury to determine. In the last case cited it was decided that the jury *433 had a right to take into consideration the repeated declarations of the donor that a gift had been made. The subject of the gift was a lottery ticket by a father to his infant daughter. He wrote her name on the back of the ticket, but received the prize himself, and this circumstance, accompanied by his declarations, was deemed sufficient to establish the gift, although there was no proof of an actual delivery. In this case the declarations of Carradine, the situation of the parties, and all other circumstances might have been left to the jury, but they were of course of no value when the jury must have received the impression that no delivery was necessary.
The judgment must be reversed, and cause remanded.